## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| WILLIE VICK, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 5:06-0002 |
| | ) |
| CHARLES T. FELTS,[1] | ) |
| Warden, FCI Beckley, | ) |
| | ) |
|     Respondent. | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody.[2] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application and Memorandum in Support, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a successive Motion under Section 2255 and denied (1) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to file a successive Section 2255 Motion; (2) jurisdiction is in the Court where Petitioner was sentenced, the Eastern District of North Carolina; and (3) in any event, Petitioner is not entitled to relief under Section 2241.

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner is no longer incarcerated at FCI Beckley, but has been transferred to FCI Coleman, located in Coleman, Florida.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

**FACT AND PROCEDURE**

On February 10, 1993, Petitioner was convicted by a jury in the United States District Court for the Eastern District of North Carolina of Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 2113(a), (d), and Use of a Firearm during a Crime of Violence in violation of 18 U.S.C. § 924(c). (Document No.1.) On June 8, 1993, the District Court sentenced Petitioner to a 348-month term of imprisonment. (Id.) Petitioner appealed his sentence to the Fourth Circuit Court of Appeals.[3] On September 14, 1994, the Fourth Circuit affirmed Petitioner's sentence. United States v. Vick, 35 F.3d 558 (4th Cir. 1994)(*unpublished*). Petitioner sought review of the Fourth Circuit's decision in the United States Supreme Court. On January 23, 1995, the United States Supreme Court denied Petitioner's Petition for Writ of Certiorari. Vick v. United States, 513 U.S. 1134, 115 S.Ct. 951, 130 L.Ed.2d 894 (1995).

On April 28, 1997, Petitioner filed in the Eastern District of North Carolina a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Document No. 1, p. 3.) Petitioner asserted the following grounds of error: (1) Ineffective assistance of counsel; (2) Prosecutorial misconduct; and (3) Actual innocence of career offender. (Id.) The District Court denied Petitioner's Motion as untimely. Petitioner appealed the District Court's decision to the Fourth Circuit. United States v. Vick, 164 F.3d 626 (4th Cir. 1998)(*unpublished*). The Fourth Circuit determined that Petitioner's conviction became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], and his Motion would be

---

[3] Petitioner presented the following arguments on appeal: "(1) Whether court erred in giving a flight instruction; (2) Whether court erred in prohibiting counsel's argument to counter inference of consciousness of guilt; (3) Whether court erred under Bruton Rule; and (4) Whether court properly gave alibi instruction." (Document No. 1, p. 2.)

considered timely if filed on or before April 23, 1997. Id. Although Petitioner's Motion was filed on April 28, 1997, the Fourth Circuit remanded the case to the District Court for a determination of whether Petitioner's Motion was timely under Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).[4] Id. Subsequently, the District Court determined that Petitioner's Motion was timely and returned the case to the Fourth Circuit without addressing the merits of Petitioner's claims. United States v. Vick, 191 F.3d 449 (4th Cir. 1999)(*unpublished*). On September 21, 1999, the Fourth Circuit remanded the case directing the District Court to address the merits. Id. On June 19, 2000, the District Court denied Petitioner's Motion on the merits. (Document No. 1, p. 3.) Petitioner appealed the District Court's decision to the Fourth Circuit. United States v. Vick, 14 Fed. Appx. 292 (4th Cir. 2001). The Fourth Circuit denied Petitioner's certificate of appealability and dismissed his appeal on August 1, 2001. Id.

On January 13, 2004, Petitioner filed a Motion for Authorization to File a Successive Application for Relief. In re: Vick, *et al.*, Case No. 04-106 (4th Cir. Jan. 1, 2004). As supporting facts, Petitioner alleged "newly discovered evidence of actual innocence of career offender designation under U.S.S.G. § 4B1.1." (Document No. 1, p. 3.) The Fourth Circuit denied Petitioner's Motion on January 30, 2004. In re: Vick, *et al.*, Case No. 04-106 (4th Cir. Jan. 1, 2004).

On January 3, 2006, Petitioner filed the instant Application alleging that his sentence was improperly enhanced "without authorization pursuant to the United States Sentencing Guidelines." (Document No. 2.) Petitioner argues that the District Court improperly based Petitioner's classification as career offender upon information contained in the presentence report, which "lacked

---

[4] Under *Houston v. Lack*, a motion is considered filed as of the date the inmate delivers it to prison official for filing with the Court.

sufficient or reliable evidentiary basis." (Id., pp. 2-3.) Specifically, Petitioner states as follows:

> The age of the 1971 common law robbery conviction (PSR #15) was a relevant sentencing factor that required precise calculation by the district court to see if the 7-year sentence for that conviction extended into the 15-year period of petitioner's incarceration pursuant to U.S.S.G. § 4A1.2(e)(1), or whether it did not extend into the 15-year period pursuant to U.S.S.G. § 4A1.2(e)(3), so that the district court could make an accurate, and reliable determination whether to count the conviction under § 4B1.1.

(Id., p. 4.)

## **DISCUSSION**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Eastern District of North Carolina. Petitioner alleges that his sentence was improperly enhanced based upon improper facts included in the presentence report. (Document No. 2.) Specifically, Petitioner argues that the District Court erred by including his 1971 conviction for common law robbery as a predicate offense for the purpose of classifying him as a career offender because the interval between his 1971 conviction, and the date of his underlying offense, was more than fifteen years.[5] (Id., p. 4.) Thus, Petitioner contends that "[w]ithout the unauthorized enhancement of his sentence, Petitioner's correct sentencing exposure would have been in the range of 70-87 months, plus a mandatory consecutive 60 months, for a total term of 147 months." (Id., p. 7.) Therefore, in view of the nature of the claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct their sentences under Section 2255.

---

[5] The date the underlying offenses concluded was June 11, 1992. (Document No. 2, p. 16.)

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court and the Fourth Circuit has denied his request to file a successive Section 2255 Motion.

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The undersigned notes that Petitioner does not allege an intervening change in law that establishes his actual innocence. Rather, Petitioner argues that Section 2255 is inadequate and ineffective because he is barred from presenting his "newly discovered evidence" in a successive Section 2255 Motion.[6] The undersigned notes that Petitioner filed a Motion for Authorization to File a Successive Application for Relief alleging "newly discovered evidence of actual innocence of career offender designation under

---

[6] Petitioner's newly discovered evidence is a copy of his "Certificate of Unconditional Discharge," which exhibits that Petitioner was released on January 24, 1976, and paroled or conditionally released on July 12, 1990. (Document No. 2, p. 28.)

U.S.S.G. § 4B1.1." (Document No. 1, p. 3.) The Fourth Circuit, however, denied Petitioner's Motion on January 30, 2004. In re: Vick, *et al.*, Case No. 04-106 (4th Cir. Jan. 1, 2004). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is unable to obtain relief under that provision.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466,

88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, at FCI Coleman Medium, Federal Correctional Institution, P. O. Box 1032, Coleman, Florida 33521.

Date: December 18, 2008.

R. Clarke VanDervort
United States Magistrate Judge