IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

WILLIE VICK,

        Petitioner,

v.                                                CIVIL ACTION NO. 5:06-cv-00002

CHARLES T. FELTS, Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Willie Vick's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody [Docket 1]. By Standing Order entered on August 1, 2006, and filed in this case on July 21, 2004, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). Magistrate Judge VanDervort filed his PF&R on December 18, 2008 [Docket 10]. In that filing, the magistrate judge recommended that the Court deny Petitioner's § 2241 petition [Docket 1] and dismiss this civil action from the Court's docket.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this Court's order. *See Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge VanDervort's

PF&R were due by January 8, 2009, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Petitioner timely filed objections on December 31, 2008.

## I. BACKGROUND[*]

On February 10, 1993, Petitioner was convicted by a jury in the United States District Court for the Eastern District of North Carolina of conspiracy to commit bank robbery and use of a firearm during a crime of violence. Due to Petitioner's criminal history, he was considered a career offender under section 4B1.1 of the United States Sentencing Guidelines and the sentencing court imposed a 348-month term of imprisonment. Petitioner unsuccessfully appealed the sentence to the Court of Appeals for the Fourth Circuit. *See United States v. Vick*, No. 93-5462, 1994 U.S. App. LEXIS 25539 (4th Cir. Sept. 14, 1994) (unpublished disposition). Shortly thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The § 2255 motion asserted, among other things, that he was actually innocent of the career offender status. The motion was denied on the merits. On January 13, 2004, Petitioner filed a motion with the Court of Appeals for authorization to file a successive § 2255 motion. Petitioner alleged that newly discovered evidence proved that he should not have been classified as a career offender. This motion also was denied.

Petitioner filed the instant Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus on January 6, 2006. Petitioner alleges that the sentencing court incorrectly determined that he was a career offender under section 4B1.1 of the United States Sentencing Guidelines. He further alleges that newly discovered evidence proves that he was not a career offender under the guideline provisions. The newly discovered evidence is a Certificate of Unconditional Discharge issued by

---

[*] The factual and procedural background of this action are set forth in greater detail in the PF&R.

the North Carolina Department of Corrections which states the date of Petitioner's release for a 1973 robbery conviction.

The PF&R contains three proposed findings. First, it proposes that the Court construe Petitioner's § 2241 petition as a second or successive § 2255 motion filed without authorization by the Court of Appeals. Second, the PF&R notes that if Petitioner's § 2241 petition is treated as a § 2255 motion, this Court does not have jurisdiction to entertain the motion because Petitioner was sentenced in the Eastern District of North Carolina. Lastly, the PF&R proposes a finding that Petitioner is not entitled to relief on the merits of his § 2241 claims.

Petitioner timely filed three objections to the PF&R. With the first objection, he states that the application should not be construed as a § 2255 motion. He argues that "§ 2241 remains the exclusive remedy because § 2255 has been rendered inadequate or ineffective by the Fourth Circuit Court of Appeals [sic] refusal to grant the petitioner an opportunity to have the district Court review his evidence relating to 'actual innocence.'" (Docket 2 at 1.) In the second objection, he states that this Court has jurisdiction to hear his claims under the savings clause of 28 U.S.C. § 2255(e). Lastly, Petitioner's third objection disputes the proposed finding that he is not entitled to relief under § 2241.

## II. DISCUSSION

Petitioner's objections to the first two proposed findings in the PF&R concern jurisdictional issues which must be addressed before the merits of his claims can be considered. The first issue is whether Petitioner's application under § 2241 is properly construed as a motion under § 2255. If it is so construed, then the Court must determine if the § 2241 application should be entertained nonetheless under the so-called savings clause contained in § 2255(e).

Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. *See In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Petitioner bears the burden of demonstrating the inadequacy or ineffectiveness of a § 2255 motion. *See In re Eidson*, No. 97-691, 1997 U.S. App. LEXIS 32176 (4th Cir. Nov. 17, 1997) (unpublished disposition); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). The savings clause of § 2255(e) "permits a district court to consider a § 2241 petition challenging the validity of the prisoner's detention when § 2255 is 'inadequate or ineffective' to test the legality of . . . detention." *White v. Rivera*, 518 F. Supp. 2d 752, 754 (D.S.C. 2007) (citations omitted). "[T]he fact that petitioners are barred from filing a successive § 2255 motion does not render § 2255 'inadequate or ineffective.'" *Pagan San-Miguel v. Dove*, 291 F.3d 257, 261 n.1 (4th Cir. 2002). In order to overcome the procedural constraints of § 2255, and avail themselves of § 2241, the Fourth Circuit has held that petitioners must meet the standard announced in *In re Jones*. In that case, the court stated:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. The Fourth Circuit has strictly interpreted this rule, and has consistently held that when a petitioner fails to meet each element of the three-part test, § 2255 is neither inadequate nor ineffective, and a petitioner may not proceed under § 2241. *See, e.g.*, *United States v. Coor*, 226 F. App'x 267 (4th Cir. 2007) (unpublished); *James v. Hickey*, 216 F. App'x 324

(4th Cir. 2007) (unpublished); *Kimble v. Lamanna*, 182 F. App'x 190 (4th Cir. 2006) (unpublished); *Hanley v. Williamson*, 82 Fed. App'x 844 (4th Cir. 2003) (unpublished).

Petitioner's application under § 2241 asserts that the sentencing court erred in determining that he was a career offender under the applicable sentencing guidelines. This clearly is an attempt by Petitioner to challenge the validity of his sentence. His remedy for this claim can be found exclusively in § 2255. *See In Re Jones*, 226 F.3d at 333. Thus, the PF&R's proposed finding that Petitioner's application be construed as a § 2255 motion is correct. Petitioner's objection to this point is **OVERRULED** accordingly.

Notwithstanding the fact that the Petitioner's § 2241 petition challenges the validity of his sentence, it may be considered if it qualifies for the savings clause of § 2255(e). To qualify, Petitioner must demonstrate that his remedies under § 2255 are inadequate or ineffective. Contrary to Petitioner's second objection, the Court of Appeals' denial of his motion to file a second or successive § 2255 motion does not make the remedies of § 2255 inadequate or ineffective. *See Pagan San-Miguel v. Dove*, 291 F.3d at 261 n.1. Petitioner does not allege that there has been a substantive change in law since his direct appeal and first § 2255 motion that made the conduct for which he was convicted no longer criminal. Thus, Petitioner cannot satisfy the *In re Jones* standard for availing himself of § 2255(e)'s savings clause, *see* 226 F.3d at 333–34, and his second objection is **OVERRULED**.

Petitioner's § 2241 petition is properly construed as a § 2255 motion. Because Petitioner was sentenced in the Eastern District of North Carolina, this Court does not have jurisdiction to hear the merits of his claims. *See* 28 U.S.C. 2255(a). Accordingly, the Court expresses no opinion as

to the substantive merits of Petitioner's claims or as to his third objection, which disputes the PF&R's proposed finding that his § 2241 petition fails on the merits.

### III. CONCLUSION

The Court **ADOPTS** the first and second proposed findings contained in the PF&R. Finding that the Court is without jurisdiction to hear the claims presented, the Court **DISMISSES** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody [Docket 1], and **DIRECTS** the Clerk to remove this matter from the Court's docket. A separate Judgment Order will be entered this day implementing the findings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: January 20, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE